IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DONNIE LEE STANDLEY, | CV 23-143-BLG-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN, CROSSROADS CORRECTIONAL CENTER, AND THE ATTORNEY GENERAL OF MONTANA, | |
| Respondents. | |

This matter comes before the Court on Petitioner Donnie Lee Standley's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Standley was directed to show cause why his petition should not be dismissed as time-barred. (Doc. 8.) Standley responded. (Doc. 11.) He has also renewed his motion to stay. (Doc. 12.) For the reasons stated below, his petition is dismissed.

I.  **Preliminary Review**

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J.,

1

concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II. Background

Standley was convicted after trial in Sweetgrass County, Montana, Sixth Judicial District Court of incest, on November 14, 2017. (Doc. 1 at 2 - 3.) He was sentenced to 100 years, with 75 years suspended. (*Id.* at 3.)

Standley appealed to the Montana Supreme Court, which affirmed his conviction on August 20, 2019. *State v. Standley*, DA 18-0075, 2019 MT 204N. In the meantime, Standley applied for relief to the Sentence Review Division, but he was advised that his application was deemed withdrawn, and he could apply again after his appeal.

Standley filed a petition for postconviction relief in the district court on April 14, 2020. The district court denied his petition on November 20, 2020. (Doc. 1-1 (Order in *Standley v. State*, DV 2017.))

Standley appealed the denial of his district court petition for postconviction relief to the Montana Supreme Court, in *Standley v. State*, DA 20-0585. The Supreme Court dismissed his appeal on February 14, 2023. *Standley v. State*, 2023 MT 28N.

Standley filed his federal petition on November 20, 2023. He simultaneously filed a motion to amend his petition and a motion to stay proceedings. (Docs. 3, 4.) These motions contend that he must first conclude his appeal of a civil action regarding governmental interference with his prior habeas litigation, and then he will be able to file an amended complaint and proceed in this Court. (Doc. 5.)

## III.   Analysis

### A.   Federal Statute of Limitations

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. Standley does not dispute that his federal petition was likely due on or before September 21, 2023 and that he filed it late. (Doc. 8.) Instead, he argues that due to state machination, he was never able to have a "properly-filed" state petition at all. (Doc. 11 at 2.) Standley explains that he was never able, for various reasons, to file all of the evidence and arguments that he wanted to in his state court petition. (*Id.* at 2–3.)

Standley misapprehends the significance of a "properly-filed" state application. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(2).  Properly-filed does not mean that the state court found the petition persuasive or even addressed it on the merits.  It means

3

that it was pending before the state courts, and thus, any arguments there were available for state court review.

### 1.  Section 2244(d)(1)(B)

Standley does not otherwise dispute the fact that he did not file his petition in this Court within the one-year statute of limitations. He instead relies on § 2244(d)(1)(B), claiming that state action prevented him from filing on time. (Doc. 11 at 6.) The Court should, he claims, start the clock when the state-caused impediment was lifted. (*Id.*) The bar on this tolling mechanism is higher than the bar for equitable tolling, discussed below. *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Standley is entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if the supposed impediment "altogether prevented him from presenting his claims in *any* form, to *any* court." *Ramirez*, 571 F.3d at 1000–01 (citing *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996)). Standley filed a state district court petition, a Montana Supreme Court petition, and his federal petition during the time that he claims the state (in the form of prison officials) posed an impediment. He asserts these filings were not to the standard he desired, but that is not the showing required for § 2244(d)(1)(B) to extend his time to file. The statute of limitations will not be extended based on this provision.

### 2.  Equitable tolling

Standley next asserts that he entitled to equitable tolling because he has been

4

pursuing his rights diligently but an extraordinary circumstance stood in his way and prevented him from filing on time, relying on *Holland v. Florida*, 560 U.S. 631, 649 (2010). (Doc. 11 at 7.)

### a.     Diligence

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653. The petitioner must be reasonably diligent "not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc).

Standley's brief outlines the many steps he took in litigating a civil case against his place of incarceration related to what he construes as interference with his ability to work on his postconviction matters. (Doc. 11 at 10 – 16.) In support of this contention, Standley provides various docket sheets. (*See* Doc. 11-3 at 1–22.) These sheets support Standley's assertion that he has been reasonably diligent in pursuing his case.

### b.     Extraordinary Circumstance

However, Standley has not shown that an extraordinary circumstance prevented him from timely filing his claim in federal court. An "extraordinary circumstance" is something "external" to the prisoner or "beyond his direct

5

control." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal brackets omitted). "[T]he proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) (discussing *Mendoza v. Carey*, 449 F.3d 1065, 1069–70 (9th Cir. 2006)). The extraordinary circumstance must prevent timely filing or, as some circuit cases have said, proximately cause the untimely filing. *See Smith*, 953 F.3d at 600; *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).

In support of his contention that extraordinary circumstances prevented him from filing his federal petition, Standley provides an affidavit and supporting documents. (Docs. 11-2 and 11-3.) The circumstances were: Standley's documents were confiscated on several occasions; Standley had difficulty contacting a person he considered a key witness; Standley's mail was withheld and tampered with; Standley has been unable to get legal assistance; Standley has had difficulty accessing legal resources; Standley has a learning disability; Standley did not have access to a typewriter or computer; Standley was retaliated against for legal work; Standley was hospitalized due to an assault; Standley was awaiting the appeal of his § 1983 action; and Standley cannot get copies. (Doc. 11 at 18–24.) Standley has not shown an extraordinary circumstance stood in his way.

6

First, the documents he provides in support of his assertion that the actions of the prison regarding his mail and documents are all from 2020 or earlier. The time Standley had remaining to file his federal petition was from February to September, 2023. Standley has shown nothing from that timeframe that reflects interference with his mail or his ability to contact people outside the facility.

Second, in the Ninth Circuit, lack of legal counsel is not considered an extraordinary circumstance that entitles a petitioner to equitable tolling. *See, e.g., Baker v. Cal. Dep't of Corr.*, 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance . . . are not extraordinary circumstances to warrant equitable tolling . . . ."); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Roy v. Lampert,* 465 F.3d 964, 970 (9th Cir.2006) ("[W]e have never accepted *pro se* representation alone . . . as an excuse for prolonged inattention when a statute's clear policy calls for promptness.") (quoting *Johnson v. United States*, 544 U.S. 295, 311 (2005)); *Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009) (equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n.4 (9th Cir. 2009)("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Standley's lack

of legal knowledge or assistance does not excuse his untimely filing.

Third, "[a] petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing." *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015). Standley has asserted he has learning disabilities, but he has not made a showing that his disabilities were extraordinary; in fact, his performance shows otherwise.

Nor do normal prison limitations on law library access warrant equitable tolling. *See Ramirez*, 571 F. 3d at 998 ("Ordinary prison limitations on Ramirez's access to the law library and copier …were neither 'extraordinary' nor made it impossible for him to file his petition in a timely manner."); *Frye v. Hickman*, 273 F. 3d 1144, 1146 (9th Cir. 2001) (recognizing that a lack of access to library materials does not automatically qualify as grounds for equitable tolling). Standley has not established that his lack of access to a typewriter (since his petition was handwritten), copies, or legal materials was an extraordinary circumstance that prevented him from filing on time, despite his diligence.

Standley was, apparently, assaulted and seriously injured in January of 2023, a month or so before the Montana Supreme Court ruled on his postconviction appeal. (Doc. 11-3 at 114–120.) However, nowhere does Standley assert that he

8

was so injured that he could not proceed with his suit. In fact, his main concerns related to the assault appeared to be loss of property and anger that violent offenders were put in his unit. (*Id.*) This assault, alone, is not an extraordinary circumstance that impeded his ability to file his petition for several months afterward.

Finally, Standley does not establish that the existence of his 42 U.S.C. § 1983 lawsuit related to his conditions of confinement was an impediment. He claims he needed to wait for it to resolve, but the grounds for that assertion are unclear. He, as the plaintiff and petitioner in his two proceedings, determined how matters proceeded. He cannot claim that pursuing other legal matters justifies his tardiness here.

### 3. Actual Innocence

Standley identifies two pieces of evidence that he urged, unsuccessfully, his trial counsel to investigate that establish Standley is actually innocent: a medical examination report that Standley was aware of pretrial, and a witness whose affidavit Standley was unable to obtain prior to filing his postconviction petition. (Doc. 11 at 27–28.)

A claim of actual innocence is not a cognizable basis for federal habeas relief. *Herrera v. Collins*, 506 U.S. 390, 393 (1993). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned

9

in violation of the Constitution—not to correct errors of fact." *Id.* at 400; *see, e.g.*, *Moore v. Dempsey,* 261 U.S. 86, 87–88 (1923) ("[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved."). "[A] claim of "actual innocence" is not itself a constitutional claim, but instead a "gateway" through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits. *Id.* at 404.

> "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, [...] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

*McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, at 329 (1995)).

Any gateway innocence claim is foreclosed, however, if the petitioner fails to produce any new evidence. *See, e.g., Pratt v. Filson,* 705 F. App'x 523, 525 (9th Cir. 2017). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup,* 513 U.S. at 324. "The gateway should open only when a petition presents 'evidence of innocence so

strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Standley's "new" evidence are two things he was admittedly aware of prior to his trial. He has no credible claim this is new information. The evidence is also not "so strong that a court cannot have confidence in the outcome of the trial." One piece is a report from a medical evaluation of the victim of his crime that was "inconclusive." (Doc. 11-2 at 6.) An inconclusive report is not "strong." The other piece of evidence is an affidavit from Robert Wayne Schaub that states that, in 2015, the victim made vague remarks to him about what Standley had done. (Docs. 11-1 (notarized March 13, 2024); 11-3 at 28 (notarized March 16, 2020.)) These documents are also not strong. They are hearsay recitations of conversations the affiant had with the victim and her mother. The victim testified at trial, as did Standley. Not choosing to have this witness testify at trial to the contents of the affidavit does not result in the court losing confidence in the outcome of the trial. At most, the evidence could have impeached the victim's testimony with a vague recollection of a previous conversation she allegedly had. Standley fails to provide evidence that passes him through the actual innocence gateway.

### C.  Conclusion

The claims contained in Standley's petition are untimely without excuse.

11

Based upon Standley's response to this Court's order, he has not demonstrated a valid basis to excuse his untimeliness. Accordingly, this matter is dismissed with prejudice.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140–41 (2012) (quoting *Slack*, 529 U.S. at 484).  Standley has not made a substantial showing that he was deprived of a constitutional right.  He has failed to justify tolling of his statute of limitations.  Reasonable jurists would find no basis to encourage further proceedings.  A certificate of appealability is denied.

Based on the foregoing, IT IS ORDERED that:

## ORDER

1. Standley's petition is DISMISSED. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58. Any pending motions are DENIED as moot.

2. A certificate of appealability is DENIED. The Clerk shall immediately process the appeal if Standley files a notice of appeal.

DATED this 30th day of May, 2024.

Donald W. Molloy, District Judge
United States District Court